Payne v. Commissioner of Social Security

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand thirteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> RALPH K. WINTER,
> GUIDO CALABRESI,
> *Circuit Judges.*

_____

Ronald Payne,

*Plaintiff-Appellant*,

v.                                                          12-400

Commissioner of Social Security,

*Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT**:**          Ronald Payne, *pro se*, New Rochelle, NY.

FOR DEFENDANT-APPELLEE**:**          Susan D. Baird, Benjamin H. Torrance, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jones, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Ronald Payne, proceeding *pro se*, appeals the district court's judgment dismissing his Social Security action brought pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When reviewing the dismissal of a complaint for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*. *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012). Here, an independent review of the record and relevant case law reveals that the district court properly adopted the magistrate judge's recommendation to dismiss Payne's action for lack of subject matter jurisdiction because Payne failed to exhaust his administrative remedies. We affirm for substantially the same reasons stated by the magistrate judge in his thorough April 15, 2011 report and recommendation.

We have considered all of Payne's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2